# EXHIBIT 2

THE LAW OFFICES OF MARIBEL ULLRICH, INC.
Maribel B. Ullrich, Esq. SBN 246970
20042 Beach Boulevard, Suite 100
Huntington Beach, CA 92648
Email: maribel@mullrichlaw.com
TEL: (714) 465-9646
FAX: (714) 274-9710

Attorney for Plaintiff,
MARIA DEL ROSARIO HERNANDEZ

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

04/17/2019 at 02:24:38 PM

Clerk of the Superior Court
By Karla Macias, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

## CENTRAL JUSTICE CENTER

MARIA DEL ROSARIO HERNANDEZ, an individual;

Plaintiff,

vs.

HYATT CORPORATION; and DOES 1 to 100, Inclusive;

Defendants.

Case No.: 30-2019-01064377-CU-WT-CJC

Judge John C. Gastelum

ASSIGNED FOR ALL PURPOSES TO:

**COMPLAINT FOR DAMAGES**

1. **DISABILITY DISCRIMINATION IN VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"), CALIFORNIA GOVERNMENT CODE § 12940(a);**

2. **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA- FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS, CALIFORNIA GOVERNMENT CODE § 12940(n);**

3. **FAILURE TO ACCOMMODATE A DISABILITY IN VIOLATION OF FEHA, CALIFORNIA GOVERNMENT CODE § 12940;**

4. **WRONGFUL EMPLOYMENT TERMINATION**

1

COMPLAINT

)  **5.  RETALIATION (Gov. Code §12940(h));**
)
)  **6.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
)
)  **DEMAND FOR JURY TRIAL**
)

**NOW COMES PLAINTIFF** MARIA DEL ROSARIO HERNANDEZ (hereinafter referred to as "PLAINTIFF") to allege, and complain against Defendant HYATT CORPORATION, and DOES 1 to 100, inclusive (hereinafter referred to as 'DEFENDANT') as follows:

## I.

## JURISDICTION AND VENUE

1.  Jurisdiction and venue are proper in this Court because some or all of the claims alleged herein arose in Orange County and some or all of the parties were and/or are residents of Orange County or are doing or did business in Orange County at all times relevant herein.

2.  PLAINTIFF has met all of the jurisdictional requirements for proceeding with her claims under the Fair Employment and Housing Act ("FEHA"), codified at California Government Code, Section 12960, *et seq*., by timely filing administrative complaints with the Department of Fair Employment and Housing ("DFEH") and receiving a Notice of Case Closure and a Right to Sue letter ("Right To Sue Letter"). In addition, PLAINTIFF has complied with the Requirements of California Government Code §12962 by serving Defendant with her DFEH Charges and Right-to-Sue Letter.

## II.

## PARTIES

**PLAINTIFF:**

3.  PLAINTIFF began her employment with Defendant on August 16, 2004, in the Housekeeping Department.

2

COMPLAINT

4. During the entirety of her employment with Defendant, PLAINTIFF fully and satisfactorily performed the duties of her employment. She performed her employment duties with competence and was successful in all respects of her position as alleged herein.

**NAMED DEFENDANT:**

5. PLAINTIFF is informed and believes and thereon alleges that Defendant at all times mentioned in this complaint, is doing business in the State of California, operating and doing business in the City of Huntington Beach, County of Orange.

**DOE DEFENDANTS:**

6. The true names or capacities, whether individual, associate or otherwise, of Doe Defendants 1-100, inclusive, are unknown to PLAINTIFF and, therefore, PLAINTIFF sues these Doe Defendants by such fictitious names. PLAINTIFF will seek leave of this Court to amend this Complaint to allege such names and capacities as soon as they are ascertained. PLAINTIFF is informed and believes and thereon alleges that each of these fictitiously named Doe Defendants is responsible in some manner for the occurrences alleged herein, and that PLAINTIFF'S injuries and damages as alleged and set forth herein were proximately caused by such fictitiously named Doe Defendants.

**AGENCY/CO-CONSPIRATOR STATUS OF EACH DEFENDANT:**

7. Each of the individual Doe Defendants is sued individually and in his/her/its or his/her/its capacity as an agent, representative, manager, supervisor, independent contractor and/or employee of Defendant HYATT CORPORATION.

8. PLAINTIFF is informed and believes and thereon alleges that at all times relevant herein, HYATT CORPORATION including the Doe Defendants, acted in concert and in furtherance of each other's interest. The acts of any Doe Defendants, as described herein, were known to and ratified by HYATT CORPORATION. The acts and conduct of any and all Defendants as described herein, were not a normal part of PLAINTIFF'S employment and were not the result of a legitimate business necessity.

///
///

## III.

## FACTUAL BACKGROUND

9. Plaintiff was hired by Hyatt Corporation dba Hyatt Regency Huntington Beach on August 16, 2004, in the housekeeping department.

10. On April 14, 2018, she sustained a work related lower back injury, when she slipped and fell on oil while cleaning the bathroom of one of the rooms. She reported her injury the same day it happened to her Manager Erik. She was called into the office to make an injury report. On the same day of the injury, she went to see the company's doctor and was given a doctor's note with her diagnosis and was told to return on April 16, 2018. She went back to the company's doctor on April 16, 2018, and was given another note containing work restrictions. She provided this note in person to Manager Erik. He took the note and indicated that he was taking the note to Human Resources. On April 25, 2018, Ms. Hernandez went back to the doctor and she was given again a note containing work restrictions. She then went to ProCare Work Injury Center Huntington Beach to continue treatment of her lower back injury and was given several notes containing work restrictions until July 19, 2018. On the July 19, 2018 visit, the doctor referred her to an orthopedic. All the doctors' notes were provided to Manager Erik.

11. On July 27, 2018, when Plaintiff went to see the work schedule, she noticed that she was not scheduled to work for the next week. She went to ask Manager Erik about the schedule and he said "I made a mistake." About 30 minutes later, Manager Erik called Plaintiff and asked her, "When do you have the next visit with the doctor, the specialist?" She responded July 30th. Manager Erik then told Plaintiff that if she comes back with the same restrictions, there will be no more work for her. He added, "Do you have any questions?" She said no. Later that day, she went back to Erik and asked him for a document indicating that there was no work for her if she has the same restrictions. He said that he was going to call Human Resources for that. Plaintiff went to Human Resources and waited for a person named Ruby. When Ruby arrived, Plaintiff told her that Erik had terminated her employment. Ruby responded by saying that she was not terminated and added that this week she could not do anything, but that she will check her record. She also said that they did not have a seamstress position. This is the position Plaintiff was placed to work after providing the doctors' notes. However, the seamstress position is a real position as Plaintiff covered this positon for four years before reporting her injury. Ruby said again that she was going to check Plaintiff's record and will call her Friday, August 3, 2018. Ruby called August 2, 2018, and told Plaintiff that she had talked to both Managers and to Erik and was told that she could work only 2

4

COMPLAINT

days per week. Plaintiff asked for at least 4 work days a week, but Ruby refused.

12. Plaintiff was terminated July 27, 2018, by Manager Erik. Ruby from Human Resources did not retract Erik's prior termination of Plaintiff as she was never scheduled to work again.

13. On October 11, 2018, Ms. Hernandez defeated with no calls from the hotel asking her to come to work, went to Hyatt to return all property of the hotel. When she arrived to Human Resources, Ruby attempted to have Ms. Hernandez sign a document in which she was indicating that she was voluntarily resigning her employment.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## DISABILITY-DISCRIMINATION IN VIOLATION OF FEHA, CALIFORNIA GOVERNMENT CODE §12940(a)

14. The allegations set forth in Paragraphs 1 through 13 are re-alleged and incorporated herein by reference.

15. At all times herein mentioned, the Fair Employment and Housing Act ["FEHA"], Government Code §12940(a), was in full force and effect and binding on Defendant. These statutes required Defendant to refrain from discriminating and/or harassing against any employee on the basis of a physical and/or mental disability. Within the time provided by law, PLAINTIFF filed her Complaint with the Department of Fair Employment and Housing ["DFEH"] in full compliance with the administrative requirements and received a right-to-sue letter. In addition, PLAINTIFF in a timely manner also complied with the Requirements of California Government Code §12962 by serving Defendant with her DFEH Charges and Right-to-Sue Letter.

16. During PLAINTIFF'S employment, Defendant through its supervisors and/or agents, engaged in actions intentionally that resulted in PLAINTIFF being treated less favorably because of her work related injury. PLAINTIFF suffered from a disability as defined by FEHA.

17. PLAINTIFF believes and thereon alleges that her disability was a motivating and substantial factor in Defendant's termination of her employment.

18. As a proximate result of Defendant's willful, knowing and intentional discrimination of PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses in earnings

and other employment benefits.

19. As a proximate result of Defendant's willful, knowing, and intentional discrimination of PLAINTIFF, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

20. Defendant has committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring PLAINTIFF, with an improper and intentional motive amounting to malice and in conscious disregard of PLAINTIFF'S rights. Accordingly, PLAINTIFF requests the assessment of punitive damages against Defendant in an amount appropriate to punish and make an example of it.

21. PLAINTIFF has incurred and continues to incur legal expenses and attorney fees and seeks reimbursement of her attorney's fees pursuant to California Government Code, §12965(b).

## SECOND CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF FEHA, FAILURE TO ENGAGE IN INTERACTIVE PROCESS, CALIFORNIA GOVERNMENT CODE §12940(n)

22. The allegations set forth in Paragraphs 1 through 19 are re-alleged and incorporated herein by reference.

23. At all times herein mentioned, the FEHA, Government Code §12940(n), was in full force and effect and binding on Defendant. These statutes required Defendant to engage in an interactive process in assessing an employee's physical and/or mental disability in order to provide a reasonable accommodation. The Government Code §12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine the effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical condition.

24. Within the time provided by law, PLAINTIFF filed her Complaint with the DFEH in full compliance with the administrative requirements and received a right-to-sue letter.

25. PLAINTIFF had a qualified disability which was known to Defendant. She alleges that despite any work restrictions, she could have performed the essential functions of her job.

6

COMPLAINT

Defendant, however, never engaged in any interactive process.

26. As a proximate result of Defendant's willful, knowing and intentional discrimination against PLAINTIFF, by failing to engage in an interactive process concerning her disability, PLAINTIFF has sustained and continues to sustain substantial losses in earnings and other employment benefits.

27. As a proximate result of Defendant's willful, knowing, and intentional discrimination against PLAINTIFF, by failing to engage in an interactive process concerning her disability, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

28. Defendant has committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring PLAINTIFF, with an improper and intentional motive amounting to malice and in conscious disregard of PLAINTIFF'S rights. Accordingly, PLAINTIFF requests the assessment of punitive damages against Defendant in an amount appropriate to punish and make an example of it.

29. PLAINTIFF has incurred and continues to incur legal expenses and attorney fees and seeks reimbursement of her attorney's fees pursuant to California Government Code, §12965(b).

## THIRD CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF F.E.H.A., GOVERNMENT CODE §12940(m)

30. The allegations set forth in Paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

31. At all times herein mentioned, the Fair Employment and Housing Act ["FEHA"], Government Code §§ 12940(m), was in full force and effect and binding on Defendant. This statute affirmed Defendant's duty to make reasonable accommodations for the known physical and/or mental disabilities of PLAINTIFF. This statute further required Defendant to engage in an interactive process to reach a reasonable accommodation for an employee's disability.

32. PLAINTIFF alleges that Defendant failed to reasonably accommodate her disabilities. PLAINTIFF further alleges that Defendant failed to engage in an interactive process to

reach a reasonable accommodation concerning PLAINTIFF'S disabilities. PLAINTIFF believes and thereon alleges that her request to Defendant for a reasonable accommodation concerning her physical condition and the required treatment needed were individually or in combination, motivating and substantial factors in Defendant's termination of her employment.

33. As a proximate result of Defendant's willful, knowing and intentional discrimination against PLAINTIFF, as a result of Defendant's failure to reasonably accommodate PLAINTIFF'S disabilities and as a result of Defendant's failure to engage in an interactive process to reach a reasonable accommodation concerning PLAINTIFF'S disabilities, PLAINTIFF has sustained and continues to sustain substantial losses in earnings and other employment benefits.

34. As a proximate result of Defendant's willful, knowing, and intentional discrimination against PLAINTIFF, as a result of Defendant's failure to reasonably accommodate PLAINTIFF'S disabilities and as a result of Defendant's failure to engage in an interactive process to reach a reasonable accommodation concerning PLAINTIFF'S disabilities, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

35. Defendant's discrimination against PLAINTIFF because of her disabilities and because of PLAINTIFF'S request for reasonable accommodation was intentionally done in a malicious and oppressive manner, entitling PLAINTIFF to punitive damages. PLAINTIFF alleges that Defendant by terminating her, and without providing her with reasonable accommodation concerning her disabilities, acted with intent to cause injury or that Defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of PLAINTIFF. PLAINTIFF further alleges that Defendant by terminating her because of her disability, the treatment of her disability, and because of her request for a reasonable accommodation concerning her disabilities, acted with knowing disregard as it was aware of the probable consequences of its conduct and deliberately failed to avoid those consequences.

36. PLAINTIFF further alleges that Defendant's termination of her employment because of her disabilities, the treatment of her disabilities and because of her request for a reasonable accommodation concerning her disabilities was despicable as Defendant's actions were so vile,

base, or contemptible that it would be looked down on and despised by reasonable people. PLAINTIFF further alleges that Defendant by termination of her employment because of her disabilities, the treatment of her disabilities and because of PLAINTIFF'S request for reasonable accommodation, Defendant subjected PLAINTIFF to cruel and unjust hardship in knowing disregard of PLAINTIFF'S rights.  Accordingly, PLAINTIFF, requests the assessment of punitive damages against Defendant in an amount appropriate to punish and make an example of Defendant.

37. PLAINTIFF has incurred and continues to incur legal expenses and attorney fees in a sum according to proof.

## FOURTH CAUSE OF ACTION

## WRONGFUL EMPLOYMENT TERMINATION IN VIOLATION OF PUBLIC POLICY AND CALIFORNIA GOVERNMENT CODE §12940

38. Plaintiff hereby incorporates the allegations of paragraphs 1 through 37 above as though fully set forth herein.

39. On July 27, 218, an employment relationship existed between Plaintiff and Defendant.  On said date Defendant wrongfully terminated Plaintiff in violation of a fundamental and substantial public policy, in that Plaintiff was terminated from her employment due to her work related injury.

40. Government Code § 12940(h) states, "It is an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: (h) For any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

41. California Government Code § 12940 states, "It is an unlawful employment practice for an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation of any person, to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

42. Government Code § 12920 expressly deems violations thereof in direct contradiction with the public policy of the state of California. It states that it is "declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation."

43. As a direct and proximate result of said wrongful termination, Plaintiff has sustained economic damages for past and prospective loss of earnings and benefits, according to proof.

44. As a direct and proximate result of said wrongful termination, Plaintiff has sustained general damages for severe mental and emotional distress in sums prayed.

45. Defendant acted with malice and oppression toward Plaintiff and with a conscious disregard of Plaintiff's rights and Plaintiff is accordingly entitled to punitive and exemplary damages against Defendant in sums sufficient to punish it and set an example in view of its financial condition.

## FIFTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF GOV. CODE§12940(h)

46. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 45 as if set forth in full.

47. Government Code Section 12940(h) proscribes unlawful retaliation by employers against employees based on the employee having protested what the employee reasonably believes to be a violation of the law.

48. By virtue of the conduct set forth above, Defendant violated said statute in that a substantial motivating factor for such adverse employment actions was to discriminate against Plaintiff based on her disability.

49. As a direct and proximate result of the said retaliation Plaintiff sustained economic damages for past and prospective loss of earnings and benefits, according to proof.

50. As a further and direct and proximate result of the said retaliation Plaintiff sustained

general damages for severe mental and emotional distress in sums prayed.

51. Defendant acted with malice and oppression toward Plaintiff and with conscious disregard of Plaintiff's rights and Plaintiff is accordingly entitled to punitive damages in sums sufficient to punish said defendant and set an example in view of its financial condition.

52. Plaintiff is further entitled to an award of statutory attorney's fees for bringing this action pursuant to Gov. Code Sec. 12965(b).

## SIXTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52 of the Complaint as though fully set forth herein.

54. As described above, Defendant and/or their agents/employees engaged in outrageous conduct towards Plaintiff which went outside the employment relationship, with the intention to cause, or with reckless disregard for the probability of causing Plaintiff to suffer physical and emotional distress. To the extent that said outrageous conduct was perpetrated by certain employee of Defendant, and Defendant ratified said conduct with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and with a wanton and reckless disregard for the deleterious consequences to Plaintiff.

55. Defendant was aware and/or should have been aware of the likelihood that Plaintiff would suffer severe emotional distress as a result of the above-described outrageous conduct. The outrageous and shocking conduct of Defendant was done intentionally and for the purpose of inflicting upon Plaintiff extreme and severe emotional distress.

56. As a direct, foreseeable and legal result of Defendant's outrageous and unlawful acts, Plaintiff has suffered and will continue to suffer severe emotional distress including substantial pain and suffering, extreme and severe mental anguish, anxiety, embarrassment, humiliation, and attendant physical injuries and conditions. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

57. The Defendant committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring the Plaintiff, and/or in reckless disregard of

11

COMPLAINT

Plaintiff's rights or with a conscious disregard for Plaintiff's rights and for the deleterious consequences of the Defendant's actions. Defendant committed, authorized, condoned and ratified the unlawful conduct of all its agents/employees named in this amended complaint. Consequently, Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount according to proof.

## VI.
## PRAYER

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. All special damages, according to proof;
2. For economic damages according to proof;
3. For general damages in excess of $500,000;
4. For exemplary and punitive damages according to proof;
5. For attorneys' fees, interests, and costs;
6. Prejudgment interest at the prevailing legal rate; and
7. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands trial of her claims by jury to the extent authorized by law.

Dated:   December 27, 2018          **Law Offices of Maribel Ullrich, Inc.**

*Maribel Ullrich*
Maribel B. Ullrich
Attorney for Plaintiff
MARIA DEL ROSARIO HERNANDEZ